IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Hector Manuel Viera Rivera; José Antonio Roldan Pérez; Jonathan Roldan Corcino; Nelson García Serrano; Carlos E. Estrada Mulero, Nelson David Garay Colón, Justo Sánchez Rodríguez; Felipe Carrillo Torres and his beneficiaries Carmen Luz Vélez Ríos y Félix Rafael Carrillo Vélez<br><br>Plaintiffs<br><br>v.<br><br>Marina Puerto Chico Inc.; MPCPR Operating LLC<br><br>Defendant | CIVIL NO.: 17-01003<br><br>RE:<br><br>COBRA OBLIGATIONS<br>(Successor Employer) |

## COMPLAINT

TO THE HONORABLE COURT:

Plaintiffs, through her counsel, allege on information and belief as follows:

**I.** JURISDICTION AND VENUE

1.     This Honorable Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§1331 and 1363, inasmuch as it arises under Sections 502(a)(1)(A) and 502(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1161-1168, 29 U.S.C. §1132(c).

2.     Defendant's wrongful acts, as herein below alleged in greater detail, took place within this judicial district.

**II. PARTIES**

3. Plaintiffs, Felipe Carrillo Torres, Carmen Luz Vélez Ríos y Félix Rafael Carrillo Vélez, Hector Manuel Viera Rivera; José Antonio Roldan Pérez; Jonathan Roldan Corcino; Nelson García Serrano; Carlos E. Estrada Mulero, Nelson David Garay Colón and Justo Sánchez Rodríguez, (henceforth "Plaintiffs"), are permanent residents and has their domicile in the municipality of Fajardo, Puerto Rico. At all relevant times, they were participants and/or beneficiaries, as defined in ERISA §3(7), 29 U.S.C. §1002(7) in the Group Health Plan established and maintained by her former employer Marina Puerto Chico Inc. (hereinafter "ERISA Plan").

4. Defendant Marina Puerto Chico Inc. ("MPCI" or Employer") was at all times relevant hereto and is a corporation organized under the laws of Puerto Rico. MPCI was at all times relevant hereto engaged in the business of providing rental of dry dock storage and wet slips in a Marina located in Fajardo, Puerto Rico, with 30 or more employees. At all relevant times, the Employer has been the plan sponsor, named fiduciary and plan administrator of the Group Health Plan within the meaning of ERISA §§3(16)(B), 29 U.S.C. §1002(16)(B), 3(21)(A), 29 U.S.C. §1002(21)(A) and 3(16)(A), 29 U.S.C. §1002(16)(A).

5. Defendant MPCPR Operating LLC, ("MPCPR" or "Successor Employer") was at all times relevant hereto and is a corporation authorized to do business in Puerto Rico. MPCPR acquired, through an assets purchase agreement, the business of providing rental of dry dock storage and wet slips in a Marina previously operated by MPCI. At all relevant times, MPCPR is a Successor Employer, as defined by 26 C.F.R. §54.4980B-9.

**FACTUAL ALLEGATIONS**

6. Plaintiffs Felipe Carrillo Torres, Hector Manuel Viera Rivera; José Antonio Roldan Pérez; Jonathan Roldan Corcino; Nelson García Serrano, Carlos E. Estrada Mulero, Nelson David Garay Colón and Justo Sánchez Rodríguez worked for MPCI until June 30, 2016.   On that date, MPCI terminated their employment and their Group Health Plan

7. Each of the following plaintiffs were participant in the group health plan maintained by MPCI during the term of their employment: Felipe Carrillo Torres, Hector Manuel Viera Rivera; José Antonio Roldan Pérez; Jonathan Roldan Corcino; Nelson García Serrano, Carlos E. Estrada Mulero, Nelson David Garay Colón and Justo Sánchez Rodríguez.

8. Plaintiffs Carmen Luz Vélez Ríos y Félix Rafael Carrillo Vélez, were the beneficiaries of co-plaintiff Felipe Carrillo Torres in the Group Health Plan established and maintained by MPCI until June 30, 2016.

9. On June 2016, MPCI sold all of its assets to co-defendant, MPCPR Operating LLC (hereinafter "MPCPR"). MPCI ceased to offer any group health plan in connection with the asset sale to MPCPR.

10. MPCPR hired some of MPCI's employees in connection with the asset sale and continued the operations of the marina without interruption and/or substantial change.  The Marina stills operates under the name or trademark "Marina Puerto Chico". The services of rental of dry dock storage and wet slips are being provided in the same facilities used by MPCI. The purchaser defendant also provides its current employees with coverage under a group health plan.

11. In turn, each one of the Plaintiffs mentioned in paragraph 7 were terminated

from their employment on June 30, 2016. The seller, MPCI, also terminated their group health coverage on that same date, including the health coverage of the beneficiaries mentioned in paragraph 8 of this Complaint.

12. The Plaintiffs are qualified participants and/or beneficiaries with respect to the asset sale. As result, MPCPR is a successor employer with the obligation to make COBRA continuation coverage available to the Plaintiffs, as defined by 26 C.F.R. §54.4980B-9.

13  The Plaintiffs were not provided with proper notice of their right to elect continuation coverage of her health plan as required by the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §§1161-1168.

14. Defendants' failure to provide plaintiff notice of their right to elect continuation coverage of her health plan, constitute violations of the explicit disclosure requirements imposed by the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §§1161-1168.

### FIRST CAUSE OF ACTION UNDER ERISA §502(c)(1)

15. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

16. A penalty of up to $110.00 per day, per participant or beneficiary, shall be assessed to Defendants their failure to provide plaintiff a COBRA notice from the date of the failure, July 1, 2016, until the date of correction.

### PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that Judgment be entered by this Honorable Court in favor of the Plaintiffs and against the Defendants:

1. A penalty of up to $110.00 per day, per participant and beneficiaries, shall be

assessed to Defendants for their failure to provide plaintiff a COBRA notice from the date of the failure, July 1, 2016, until the date of correction.

      2.      Imposing upon the Defendants the payment of all costs and expenses to be incurred in this lawsuit;

      3.      Awarding the Plaintiff pre-judgment and post-judgment interest, plus a reasonable amount for attorneys' fees.

      4.      Plaintiffs further request that Defendant be held liable for reasonable attorneys' fees.

      5.      Granting the plaintiff any other relief that she may be entitled to as a matter of law.

In Caguas, Puerto Rico, this January 3, 2016.

RESPECTFULLY SUBMITTED.

/s HECTOR L. CLAUDIO
200 Ave. Rafael Cordero
Ste. 140, PMB 285
Caguas, Puerto Rico   00725-3757
Tel: (787) 635-1220
Fax: 1 (267) 392-3959
E-Mail: bufetehectorclaudio@gmail.com
Attorney for Plaintiff
Bar No. 218514